UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2012 MAY -8  P 3: 55

BRANDY FEENEY,

CASE NO.

Plaintiff,

vs.

MOON MARINE USA
CORPORATION,
a foreign corporation,

Defendant.

**COMPLAINT
DEMAND FOR JURY TRIAL**

## COMPLAINT

COMES NOW the plaintiff, BRANDY FEENEY, by and through her attorney of record, David Szerlag, and allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff BRANDY FEENEY is a resident of Malden, Middlesex County, Commonwealth of Massachusetts.

2. Defendant MOON MARINE USA CORPORATION (hereinafter Moon Marine) is a foreign corporation organized existing under the laws of the State of California with its principal place of business in California. At all relevant times, defendant manufactured and sold raw tuna product to distributors, wholesalers and restaurants across the United States. At all relevant times, defendant Moon Marine conducted business in the State of Massachusetts and is therefore subject to the jurisdiction of this Court.

3. Subject matter jurisdiction in this matter is proper because the amount in controversy, exclusive of interest and costs, exceeds Seventy-five Thousand Dollars

1

($75,000.00) and the parties are citizens of different states, both as required by 28 U.S.C. § 1332(a).

4. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim set forth herein occurred in this judicial district.

## GENERAL ALLEGATIONS

5. In early April, 2012, The Centers for Disease Control and Prevention (CDC) began to investigate a cluster of genetically indistinguishable *Salmonella* Bareilly cases in individuals residing in several states.

6. Investigation into these cases found a statistically significant correlation between illness and consumption of raw yellowfin tuna.

7. On April 13, 2012 defendant Moon Marine announced a recall of 58,828 pounds of a raw tuna product it produces known as "Nakaochi Scrape."

8. "Nakaochi Scrape" is produced from the meat left on the bones after processing yellowfin tuna. It is commonly and regularly consumed without further cooking in "spicy tuna rolls."

9. The Food and Drug Administration tested unopened packages of Moon Marine "Nakaochi Scrape" subject to the recall for pathogens and found two separate types of *Salmonella*. One strain was *Salmonella* Bareilly with a Pulsed-Field Gel Electrophoresis (PFGE) Pattern identical to the outbreak cluster. Another strain, *Salmonella* Nchanga was found in a sample and is associated with additional human illness cases.

10. According to the CDC, as of May 2, 2012, at least 258 individuals have been infected by Moon Marine "Nakaochi Scrape" with the outbreak strains of *Salmonella* Bareilly (247 persons) or *Salmonella* Nchanga (11 persons) from 24 states and the District of Columbia.

### Brandy Feeney's *Salmonella* Infection

11. On or about March 26, 2012, plaintiff Brandy Feeney ate a spicy tuna roll at the Thelonious Monkfish restaurant in Cambridge, Massachusetts that contained "Nakaochi Scrape" manufactured and sold by the defendant Moon Marine.

12. On or about March 28, 2012, Ms. Feeney began to suffer severe gastroenteritis including vomiting, cramping and severe diarrhea.

13. Ms. Feeney's symptoms continued to intensify over the next two days until she sought medical treatment and Massachusetts General Hospital.

14. After receiving medical treatment, a stool sample was taken at the hospital and later tested positive for *Salmonella* Bareilly. Further testing by the Massachusetts Department of Public Health showed it was a PFGE match to the outbreak cluster.

15. Ms. Feeney continued to suffer symptoms of salmonellosis for approximately two weeks. Ms. Feeney's *Salmonella* infection required several more follow-up visits at Fenway Health.

16. Additional stool samples have been taken from Ms. Feeney and have all tested positive for *Salmonella* Bareilly. Ms. Feeney has not had a negative stool sample, and has therefore been unable to legally return to work.

17. As a direct and proximate result of defendant Moon Marine's manufacture, distribution and sale of "Nakaochi Scrape" contaminated with *Salmonella* Bareilly, plaintiff Brandy Feeney became infected with *Salmonella* Bareilly and suffered and continues to suffer physical, emotional and economic loss including but not limited to past and future medical bills, past and future wage loss, and past and future pain and suffering.

## COUNT I – NEGLIGENCE

18. Plaintiff reasserts and re-alleges each and every matter and thing as set forth in the preceding paragraphs.

19. Defendant Moon Marine had a duty to manufacture wholesome and safe food products intended for human consumption.

20. Defendant Moon Marine breached this duty because its employees, agents, or those acting on its behalf failed to train and properly supervise production workers and other employees; failed to safely produce, store and transport its products; failed to maintain sanitary conditions during and after production; failed to prevent cross-contamination; failed to

implement and supervise a system for assuring safe production and handling of its products; failed to properly test its products; as well as other acts of negligence.

21. Defendant Moon Marine, their employees, agents, or those working on their behalf, as providers of food products in the United States of America, owed a duty to the plaintiff to comply with 21 USC § 331.

22. 21 USC § 331 states:

> The following acts and the causing thereof are prohibited:
>
> (a) The introduction or delivery for introduction into interstate commerce of any food that is adulterated;
> (b) The receipt in interstate commerce of any food that is adulterated, and the delivery or proffered delivery thereof for pay or otherwise.

23. Defendant Moon Marine manufactured, shipped, distributed and sold in interstate commerce, "Nakaochi Scrape" that was adulterated because it was contaminated with *Salmonella* Bareilly, a dangerous pathogen.

24. The plaintiff is among the class of people that is designed to be protected by federal food safety laws.

25. Therefore defendant Moon Marine, their employees, agents, or those working on their behalf failed to comply with 21 USC § 331. Such conduct constitutes negligence.

25. As a result of the failure of defendant Moon Marine, their employees, agents, or those working on their behalf, to comply with 21 USC § 331, and other acts of negligence, plaintiff Brandy Feeney sustained damages as set forth in the preceding paragraphs.

## COUNT II – BREACH OF WARRANTY

26. Plaintiff reasserts and re-alleges each and every matter and thing as set forth in the preceding paragraphs.

27. Defendant Moon Marine was a manufacturer and seller of "Nakaochi Scrape" intended for human consumption.

28. Defendant Moon Marine is subject to liability to the plaintiff for beach of express and implied warranties made to its consumers including the implied warranty of merchantability and of fitness for a particular use within the scope of Massachusetts General Laws Chapter 106 §2-314. Specifically, the defendant expressly warranted through the sale of food to the public that the food it prepared and sold was fit for human consumption, and not otherwise adulterated or injurious to health.

29. The "Nakaochi Scrape" produced and sold by defendant Moon Marine that was consumed by plaintiff Brandy Feeney was contaminated with *Salmonella* Bareilly, a dangerous pathogen, when it left the defendant's control and would not pass without exception in the trade, and was thus in breach of the implied warranty of merchantability.

30. The "Nakaochi Scrape" sold by the defendant was not fit for the uses and purposes intended by the defendant and therefore the product was in breach of the implied warranty for fitness for its intended use.

31. The defendant owed a duty to its consumers and to Brandy Feeney to manufacture and sell food that was fit for human consumption, and that was safe to the extent contemplated by a reasonable and ordinary customer. The defendant breached this duty.

32. The defendant's breach of express and implied warranties was the proximate cause of plaintiff Brandy Feeney's damages as set forth in the preceding paragraphs,

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Enter judgment against the defendant awarding plaintiff, on each Count of the Complaint, compensatory damages in excess of seventy-five thousand dollars ($75,000.00), plus interest, costs and attorney's fees; and

2. Grant plaintiff such other and further relief as the Court deems appropriate.

PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES RAISED IN THE COMPLAINT.

Date: 5/8/12

PRITZKER | OLSEN, P.A.

By: _____
David Szerlag, BBO # 674531
Of Counsel
Pritzker Olsen
Plaza VII, Suite 2950
45 South Seventh Street
Minneapolis MN  55402-1652
(612) 338-0202